UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

**William Boccasini individually and on behalf of all others similarly situated,**

                  **Plaintiff,**

  v.

**MLA Law Offices, LTD; and
John L. Malevitis**

                  **Defendants.**

No. 19 cv 157

**CLASS ACTION**

**Jury Demanded**

_____

**Class Action Complaint for
<u>Violations of the Fair Debt Collection Practices Act</u>**

1. Plaintiff William Boccasini ("Plaintiff" or "Boccasini") files this Complaint seeking redress for the illegal practices of Defendants, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

2. The Defendants have violated the Plaintiff and the putative class members' rights by mailing form debt collection letters that do not include the notices that are required by the FDCPA, thereby depriving consumers of their rights, and depriving consumers of their full ability to resolve the alleged debts.

**Parties**

1

3. Plaintiff William Boccasini is a citizen of New York State who resides within this District.

4. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

5. The alleged debt of Plaintiff is a "debt" as defined by 15 U.S.C. § 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was incurred for the rental of bedroom furniture.

6. Defendant MLA Law Offices, LTD (MLA) is a law office regularly engaged in the collection of defaulted debts allegedly due to others.

7. Defendant John L. Malevitis (Malevitis) is the owner of MLA who is regularly engaged in the collection of defaulted debts allegedly due to others.

8. The principal purpose of the Defendants is the collection of debts.

9. Defendants are "debt collectors," as defined by FDCPA § 1692a(6).

10. The Plaintiff alleges that at all times herein mentioned, each of the Defendants were, and is now, the agent, servant, employee and/or other representative of the other Defendants, and in doing the things herein alleged, was acting in the scope, purpose and authority of such agency, service employment, and/or other representative capacity with the permission, knowledge consent and/or ratification of the other defendants. Any reference hereinafter to "Defendant," or "Defendants," or "Debt collector," without further qualification is meant to refer to each and all defendants herein jointly and severally.

## Jurisdiction and Venue

11. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

12. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

13. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

14. Venue is also proper in this district since Defendants transact business in this district.

## Factual Allegations

15. Defendants allege that Plaintiff owes a debt originally owed to "AcceptanceNow" for the rental of bedroom furniture. This is a consumer debt under the FDCPA.

16. In an attempt to collect the alleged debt, on or about January 9, 2018, Defendants sent Plaintiff the debt collection letter attached as **Exhibit A** hereto.

**(Exhibit A)**

17. Exhibit A was alleged to be signed by the Defendant John L. Malevitis.

18. John L. Malevitis was personally involved with the sending of Exhibit A.

19. Exhibit A seeks to collect money due for the rental of the property.

20.  Exhibit A does not state the amount of the debt as required by 15 USC 1692g.

21. Exhibit A was the first communication with Plaintiff.

20. Exhibit A fails to effectively and clearly notify the Plaintiff as to the amount of the alleged debt.

22. Exhibit A does not give the Plaintiff the information necessary for the Plaintiff to pay the alleged debt in full.

23. Exhibit A also falsely indicates that the consumer should only call the Defendant if the Plaintiff does not dispute the debt, which indicates to the least sophisticated consumer that the Plaintiff is not permitted to call the Defendant to dispute the debt.

22.  Exhibit A is deceptive, unfair and unconscionable and violates 15 USC 1692e, 15 USC 1692e(2), 15 USC 1692e(10), 15 USC 1692f, 15 USC 1692g, and 15 USC 1692f, in that it fails to properly provide the Plaintiff and the putative class members of their rights under 15 USC 1692g.

24. Additionally, in the event that Defendant Malevitis was not personally meaningfully in the review of the letter prior to sending, the Defendants violated 15 USC 1692e(3).

25. Additionally, the Defendant Malevitis is not licensed to practice law in

4

the State of New York, and Exhibit A can be read to indicate to the least sophisticated consumer that Defendant Malvitis is licensed to practice in New York. This violated 15 USC 1692e, 1692e(5), and 1692e(10).

### *Class Action Allegations*

26. Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   a. Based on the fact that the collection letter at the heart of this litigation is a mass-mailed form letters, the class is so numerous that joinder of all members is impractical.

   b. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include whether Exhibit A violates the FDCPA.

   c. The claims of Plaintiff are typical of the class members' claims. All are based on the same facts and legal theories. The only individual issue is the identification of the consumers who received the letter, (*i.e.*, the class members), which is a matter capable of ministerial determination from the Defendant's records.

   d. Plaintiff will fairly and adequately represent the class members' interests. All claims are based on the same facts and legal theories and Plaintiff's interests are consistent with the interests of the class.

   e. Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

28. A class action is superior for the fair and efficient adjudication of the class members' claims.

29. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k.

30. The class members are generally unsophisticated individuals unaware of the protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

31. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

32. If the facts are discovered to be appropriate, Plaintiff will seek to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

33. This Count is brought by Plaintiff, individually, and on behalf of a class that, according to Defendants' records, consists of: (a) all individuals who have mailing addresses within the United States; and (b) within one year before the filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to Exhibit A attached to Plaintiff's Complaint (d) which was not returned by the postal service as undeliverable.

34. Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

## Violations of the Fair Debt Collection Practices Act

35.  Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

## Class Allegations Related to Exhibit A

36. By sending Exhibit A to Plaintiff, the Defendant violated 15 USC 1692g(a), 15 USC 1692e, 15 USC 1692e(5), 15 USC 1692f, and 15 USC 1692e(10) in that the Defendants did not properly and effectively convey the amount of the debt, and/or did not properly convey the language required by 15 USC 1692g.

43. Defendants' violations of 15 U.S.C. §1692, *et seq.*, render Defendant liable to Plaintiff and the Class.

44. As a result of Defendants' deceptive, insidious, and unfair debt collection practices, Defendants are liable to Plaintiff and the Class.

**WHEREFORE**, Plaintiff asks that this Court enter judgment in her favor and in favor of the members of the Class, against Defendants, awarding damages as follows:

    (A)    Statutory damages as provided by § 1692k of the FDCPA;

    (B)    Attorneys' fees, litigation expenses and costs incurred in bringing this action;

(C) Declaratory relief declaring that Exhibit A and/or the initial letter Defendant sent Plaintiff violates the FDCPA; and

(D) Any other relief this Court deems appropriate and just.

## Jury Demand

Plaintiff demands trial by jury.

Dated: West Islip , New York
January 8, 2019

                                                    RESPECTFULLY SUBMITTED,

                                                    S/ JOSEPH MAURO
                                                    Joseph Mauro
                                                    The Law Offices of Joseph Mauro, LLC
                                                    306 McCall Ave.
                                                    West Islip, NY 11795
                                                    Tel: (631) 669-0921

# EXHIBIT A

# MLA LAW OFFICES, LTD.

ATTORNEYS AT LAW
3450 S Halsted Street Suite 209
Chicago, IL 60608
(866) 290-0442 or (847) 250-6861

January 9, 2018

William Boccasini
1727 Wisteria
Bellport, NY 11713

Re: Rental Purchase Agreement No: fat02678
Dated 7/31/2017 (the Agreement)
**MLA File#: 556132**

Dear William Boccasini,

    We represent AcceptanceNow with regard to the above-referenced Agreement. On 7/31/2017, you entered in the Agreement with AcceptanceNow for the rental of certain property, including without limitation: bedroom furniture. Pursuant to that Agreement, you agreed to pay a monthly rental payment for each month you retained the property as set forth in the Agreement or until you elected to purchase the Property. AcceptanceNow's records indicate that you have not made the rental payments when due. If you have recently made the past due payments or reinstated the Agreement, please disregard this correspondence.

    As a result of your failure to make the payments when due, your Agreement has expired and, as detailed in the Agreement, you no longer have a legal right to the possession of the Property. Further, your failure to return the Property constitutes a breach of the Agreement. Pursuant to the Agreement, AcceptanceNow hereby demands that within 30 days from the date on which you receive this demand, you schedule the return of the Property and pay any past due monthly payments that have accrued since 9/15/2017. For further information, write the undersigned, or call the AcceptanceNow number below. Please contact the following location to arrange for the return of the Property and payment of any outstanding balance due:

**AcceptanceNow**
**3050 Middle Country Road, Nesconset, NY 11767**
**(800) 275-2696**

    This communication is from a debt collector. You have 30 days to dispute this debt. Unless you dispute the validity of the debt, AcceptanceNow's right to a return of the property or any portion thereof, within this 30 day period, we will assume it to be valid. If you notify us in writing within such period that the debt, or any portion thereof is disputed, we will obtain verification of the debt and mail it to you. Upon your request within such period, we will provide you with the name and address of the original lessor, if different from the current lessor. Please contact this office at 866-290-0442 or 847-250-6861 if you do not dispute that the debt is owed and would like to discuss your account. **THIS IS AN ATTEMPT TO COLLECT A DEBT AND THE RETURN OF THE PROPERTY. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.** We look forward to hearing from you and, hopefully, to resolve this account.

Sincerely,

MLA Law Offices, LTD,
By J. L. Malevitis, Esq.

In the event a Petition in Bankruptcy has been filed which you believe affects this claim, we would request your cooperation in immediately notifying our office to provide us with the correct name of the individual or entity on whose behalf the Petition in Bankruptcy has been filed, together with the name of the court wherein the petition was filed as well as the bankruptcy case number and the date of filing. If you are presently in bankruptcy or if the amount owed described herein has been discharged in bankruptcy, this letter is not an attempt to collect the amount owed, but is sent for notice only.